UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Donald Edward Anderson,<br><br>    Plaintiff,<br><br> v.<br><br>City of Fresno; Alfred Campos;<br>DOES 1 through 50, inclusive,<br><br>    Defendants. | 1:06-CV-01824 OWW DLB<br><br>MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTION TO DISMISS PORTIONS OF FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM; AND MOTION TO STRIKE PRAYER FOR PUNITIVE DAMAGES |

**1. INTRODUCTION**

Plaintiff Donald E. Anderson ("Plaintiff") brings this lawsuit under 42 U.S.C. § 1983 for violation of his Fourth, Fifth, Eighth, and Fourteenth Amendments against the City of Fresno and Officer Alfred Campos ("Campos"). Campos was at all relevant times employed as a police officer of the Fresno Police Department ("Police Department"), and was allegedly acting for and on behalf of the City of Fresno. The lawsuit alleges that Defendant Campos is responsible, in both his official and individual capacities, for Plaintiff's unlawful arrest. The lawsuit further alleges that Defendant Campos' abusive behavior toward Plaintiff, including verbal harassment and use of unnecessary physical force, caused Plaintiff injuries to his leg that required surgery and five days of hospitalization, acute and prolonged physical and mental pain and suffering, wage loss, and economic damages for medical and hospital care. Plaintiff also

1

asserts various state causes of action against Defendants.

Defendants move to dismiss Plaintiff's Fifth Amendment due process claim for failure to state a claim. Defendants also move to dismiss Plaintiff's Eighth Amendment claim on the ground that Eighth Amendment applies only to punishment after conviction, not prior to an adjudication. Lastly, Defendants move to strike Plaintiff's prayer for punitive damages against the City of Fresno.

### 1. PROCEDURAL BACKGROUND

Plaintiff filed his first amended complaint on April 18, 2007. (Doc. 10, First Amended Complaint ("FAC").) On April 26, 2007, Defendants City of Fresno and Campos filed a motion to dismiss. (Doc 12-2, Motion to Dismiss.) On May 22, 2007, Plaintiff filed an Opposition to Defendant's Motion to Dismiss. (Doc 14, Plaintiff's Opposition to Defendants' Motion to Dismiss.) On May 24, 2007, Defendants filed their reply to Plaintiff's Opposition to Defendants' Motion to Dismiss. (Doc. 15, Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss.)

### 2. FACTUAL BACKGROUND

Plaintiff alleges that on November 2, 2005, Plaintiff's sister, Jeannie Williams ("Williams"), called the Police Department. (Doc 10, FAC, ¶ 11.) Williams reported to the Police Department that Plaintiff had taken her vehicle without her permission. (*Id.*) Later that day, Williams learned that her car was in fact taken by her boyfriend and promptly informed the Police Department of her mistake. (*Id.*)

Plaintiff alleges that on November 25, 2005, Campos showed

**2**

up at Plaintiff's residence and arrested Plaintiff for car theft. (Doc 10, FAC, ¶ ¶ 13-14.) Campos stated that he had an arrest warrant but claimed he did not have to present the warrant. (Doc 10, FAC, ¶ 13.) Plaintiff was told to sit on the curb down the street while waiting to be transported to jail. (Doc 10, FAC, ¶ 14.) Williams claims it was then that all five of the Fresno Police Department vehicles present left the scene. (Doc 10, FAC ¶ 15.)

Plaintiff maintains Williams attempted to advise Campos about the misunderstanding surrounding her previous car theft report. (Doc 10, FAC, ¶ 14.) During this time, Plaintiff also recognized Campos to be the officer who had stopped and harassed him in the past. (Doc 10, FAC, ¶ ¶ 15.) After waiting for approximately thirty minutes, Campos informed Plaintiff that he was going to personally transport Plaintiff to jail and ordered Plaintiff to stand up. ((Doc 10, FAC, ¶ 18.) Plaintiff had trouble standing up because of a knee injury and requested some assistance from Campos. (*Id.*) Campos refused to give assistance and verbally abused Plaintiff. (*Id.*) While seating himself in the police car, Plaintiff alleges he had trouble placing his leg inside the car because of his knee pains. (Doc 10, FAC, ¶ 19.) Campos then slammed the car door on Plaintiff's leg. (*Id.*)

At the Police Station, Plaintiff continually requested to speak to a supervisor, but his request was never granted. (Doc 10, FAC, ¶ 20.) Plaintiff was then transferred to the Fresno County Jail where a jail doctor examined him for booking. (Doc 10, FAC, ¶ 20.) Based on the result of the doctor's examination, the booking sergeant requested that Officer Funk transport

**3**

Plaintiff to the hospital. (Doc. 10, FAC ¶ 22.)

At the University Medical Center, Plaintiff alleges Officer Funk attempted to locate a wheelchair for Plaintiff. Campos appeared and stated to Officer Funk, in reference to Plaintiff, that "the asshole is going right back to jail unless he tells me what he said that I did ... the asshole does not need a wheel chair, he can walk." (Doc. 10, FAC ¶¶ 25-26.) When Officer Funk asserted Plaintiff needed a wheelchair, Campos responded, "the asshole is my prisoner and I'll make the ass walk or crawl." (Doc. 10, FAC ¶ 27.) As a result, Plaintiff walked unassisted and with much difficulty, due to his pain and injuries, to the hospital emergency room. (Doc. 10, FAC ¶ 28.) Plaintiff was admitted to the hospital for a period of five days. (Doc. 10, FAC ¶ 29.) While at the hospital, Plaintiff was informed that no criminal charges were filed and that any parole hold had been dropped. (Doc. 10, FAC ¶ 30.)

### 4. **Motion to Dismiss**

Fed. R. Civ. P. 12 (b) (6) provides that a motion to dismiss may be made if the plaintiff fails "to state a claim upon which relief can be granted." However, motions to dismiss under Fed. R. Civ. P. 12 (b) (6) are disfavored and rarely granted. The question before the court is not whether the plaintiff will ultimately prevail; rather, it is whether the plaintiff could prove any set of facts in support of his claim that would entitle him to relief. *See Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). A complaint may be dismissed if it "appears beyond doubt that the non-movant can prove no set of facts to support its claims." *Simpson v. AOL Time Warner Inc.,* 452 F.3d 1040, 1046

**4**

(9th Cir. 2006). Alternatively, dismissal can be based on the lack of a cognizable theory. *Smilecare Dental Group v. Delta Dental Plan of Cal., Inc.,* 88F.3d 780, 783 (9th Cir. 1996).

In deciding whether to grant a motion to dismiss, the court "accept[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences" in the light most favorable to the nonmoving party. *TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir. 1999). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

**A.   42 U.S.C. § 1983**

In order to sue a local government entity or its employees in a federal court for civil rights violations, a plaintiff must rely on statutory provisions that permit individuals to seek relief in federal court. 42 U.S.C. § 1983, under which Plaintiff brings this suit, provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizens of the United States...to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Section 1983 "creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution." *Henderson v. City of Simi Valley,* 305 F.3d 1052, 1056 (9th Cir. 2002).

To prevail under § 1983, a plaintiff must allege and ultimately prove that a government official acting under color of

5

state law deprived him of a right secured by the United States Constitution or the laws of the United States. *Flagg Bros., Inc. V. Brooks,* 436 U.S. 149, 155 (1978). Here, Plaintiff alleges deprivations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. Plaintiff implicates both the local government and a police officer in his official as well as individual capacity.

### B. Municipal Liability

Local government entities can be directly liable under § 1983 for monetary, declaratory, and injunctive relief, but only if the allegedly unconstitutional actions were taken pursuant to a "policy statement, ordinance, or decision official adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 659, 690 (1978). Alternatively, local government entities can be liable for adopting an unconstitutional custom, even if such custom has not received formal approval through the body's official decision-making channels. *Id.* At 691.

A local government entity cannot be liable under § 1983 solely because it employs a tort-feasor. *Monell,* 436 U.S. at 649. Instead, it is when the execution of government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts injury that government as an entity is responsible under § 1983. *Id.* That is, municipal liability is limited to acts that the local government has "officially sanctioned or ordered." *Pembaur v. City of Cincinnati,* 475 U.S. 469 at 470. If the decision to adopt a particular course of action is directed by municipal

**6**

policymakers, the local government may be liable whether that action is to be taken only once or to be taken repeatedly. *Id.*

**C. Official Capacity Claims Against Officer Campos**

Local government officials can be named as defendants either in their individual or official capacities. A suit against an individual officer in his or her official capacity is "only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham,* 473 U.S. 159, 165 (1985). Thus, to state a claim against a local government officer in his official capacity, a plaintiff must allege an unlawful "policy statement, ordinance, or decision officially adopted and promulgated by that body's officers." *Monell,* 436 U.S. at 659, 690.

In contrast, a plaintiff suing a local government official in his individual capacity is not required to establish any connection between the alleged unlawful act and a governmental policy or custom. Rather, the court must perform a two-step analysis in determining whether the official is entitled to qualified immunity, if the defense is asserted. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). First, the court must ask whether there is a violation of a Constitutional or federal statutory right. If so, the court must ask whether the right violated was "clearly established" by inquiring whether a reasonable individual could believe that the defendant's actions were lawful. *Id.*

Here, Plaintiff sues Officer Campos in his official and individual capacity. Doc. 10 ¶ 23. Plaintiff also brings a claim against the City of Fresno. The claims against Officer

**7**

Campos in his official capacity are "only another way of pleading an action against an entity of which an officer is an agent" and are therefore redundant. *Gram,* 502 U.S. at 25.

Plaintiffs official capacity claims against Officer Campos are **DISMISSED**.

### D.   Plaintiff's Fifth Amendment Claim

Defendants moved to dismiss Plaintiff's due process claim under the Fifth Amendment. (Doc 12-2, Defendants' Motion to Dismiss, 23.) The Fifth Amendment provides in pertinent part, "[n]o person shall...be deprived of life, liberty, or property, without due process of law..." The Due Process Clause of the Fifth Amendment applies only to actions of the federal government and "not to those of state or local governments." *Lee v. City of Los Angeles,* 250 F.3d 668, 687 (2001). A claim of excessive force is treated exclusively under the Fourth Amendment. *See, Scott v. Harris*, 127 S. Ct. 1769, 1776 (2007)("a claim of excessive force in the course of making a 'seizure' of a person is properly analyzed under the Fourth Amendment's 'objective reasonableness' standard.) Further, Plaintiff does not allege that any of the named Defendants are federal actors.

Defendants' Motion to Dismiss Plaintiff's Fifth Amendment claim is **GRANTED WITHOUT LEAVE TO AMEND**.

### E.   Plaintiff's Fourteenth Amendment Claim

In his complaint, Plaintiff also alleges that Defendants deprived him of due process of law under the Fourteenth Amendment. (Doc. 10, FAC, ¶ 33.) It is unclear whether Defendants are also moving to Dismiss Plaintiff's Fourteenth Amendment Due Process claim. Defendants move to dismiss

**8**

Plaintiff's claims arguing, "Plaintiff has alleged no facts from which it can be inferred that he was denied adequate procedural due process."

The Due Process Clause of the Fourteenth Amendment encompasses two types of protections: substantive rights (substantive due process) and procedural fairness (procedural due process). *See Zinermon v. Burch,* 494 U.S. 113, 125-28 (1990). Plaintiff alleges violation of both substantive and procedural due process rights. (Doc 14, Plaintiff's Opposition to Defendants' Motion to Dismiss, 8:19-21.)

### i. Substantive Due Process

Substantive due process is violated when government conduct "can properly be characterized as arbitrary, or conscience shocking." *Collins v. City of Harker Heights,* 503 U.S. 115, 128 (1992). Substantive due process has been construed to protect personal decisions relating to marriage, procreation, contraception, family relationships, child rearing, and education. *Lawrence v. Texas,* 539 U.S. 558, 559 (2003). The open-ended concept of substantive due process is rarely expanded beyond the traditionally established scope. *Collins,* 503 U.S. at 125. To avoid the unnecessary expansion of substantive due process, the Supreme Court has held that where a particular Amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Albright v Oliver,* 510 U.S. 266, 272 (1994) (quoting *Graham v. Conner,* 490 U.S. 386, 395 (1989)). This doctrine of restricting

a plaintiff's claim to a particular Amendment where it applies is also well established in the Ninth Circuit.[1]

Plaintiff argues that Defendant Campos' refused to produce an arrest warrant. From this refusal, Plaintiff infers that there was never a warrant. Further, if a warrant did exist, Plaintiff alleges Defendant knew the warrant was invalid the police department was notified of error in accusing Plaintiff of taking his sister's car. (Doc. 14, Plaintiff's Opposition to Defendants' Motion to Dismiss, 8:20-23.)

Plaintiff alleges that the seizure of Plaintiff's body without probable cause or a valid warrant are "arbitrary" or "conscience shocking." Plaintiff also alleges that Defendant Campos' abusive behavior towards him en route to the Fresno Police Station and at the hospital also constitute conduct that shocks the conscience.[2] However, all seizures, or arrests, of the person where "a police officer accosts an individual and

---

[1] *See Morgan v. Komers*, 151 Fed. Appx. 546, 548 (9th Cir. 2005)(quoting *Armendariz v. Penman,* 75 F.3d 1311, 1319 (9th Cir. 1996)) (analyzing claim under the Fourth and Fifth Amendment but not under substantive due process); *Hufford v. McEnaney,* 249 F.3d 1142, 1151 (9th Cir. 2001) (analyzing claim under the First Amendment but not under substantive due process); *Ramirez v. Butte-Silver Bow County,* 298 F.3d 1022 (9th Cir. 2002) (analyzing claim under the Fourth Amendment but not under substantive due process).

[2] Defendants' conduct includes: allegedly refusing to give assistance after Plaintiff requested help standing up due to his knee pains, verbally abusing Plaintiff for requesting help (Plaintiff does not allege specifics), slamming the car door on Plaintiff's leg, refusing to give Plaintiff a wheelchair at the hospital, calling Plaintiff an "asshole" and other names, and threatening the Plaintiff with jail time if Plaintiff did not answer Defendant's Campos' questions. (Doc 10, FAC, ¶¶ 18-27.)

**10**

restrai[s] his freedom to walk away," even if such seizures do not result in prosecution for crime, are governed by the Fourth Amendment. *Terry v. Ohio,* 392 U.S. 1, 16 (1968). The Fourth Amendment protection against unreasonable seizures continues to apply after the initial arrest and throughout the time that the arrestee is in the custody of the arresting officer. *Fontana v. Haskin,* 262 F.3d 871, 879 (holding that sexually harassing the arrestee on the way to the police station and while the arrestee was in custody of the arresting officer raises a Fourth Amendment claim). Defendant Campos' harassing and abusive behavior towards Plaintiff took place after Plaintiff was arrested[3] and while Plaintiff was in custody. The trip to the Fresno Police Station and events that took place before Plaintiff was checked into the hospital therefore constitute a "continuing seizure" during which Plaintiff is entitled to be treated in a reasonable manner under the Fourth Amendment. *See Fontana,* 262 F.3d at 880. Since the Fourth Amendment provides explicit constitutional protection against unlawful arrest and unreasonable force during the "continuing seizure" of the arrestee, Plaintiff's claim must be scrutinized under the Fourth Amendment rather than the more generalized substantive due process protection found under the Fourteenth Amendment.

Defendants' Motion to Dismiss Plaintiff's Fourteenth

---

[3] If this case had not involved an arrest, it would have been appropriately analyzed under the Fourteenth Amendment. *Fontana,* 262 F.3d at 882. Plaintiff is treated as having been arrested here because police had restrained "his freedom to walk away," *Terry,* 392 U.S. at 16, even though the booking process was not completed and Plaintiff was released after his treatment at the hospital.

**11**

Amendment substantive due process claim is **GRANTED WITH PREJUDICE**.

### ii. Procedural Due Process

To assert a procedural due process claim, a plaintiff must allege (1) a liberty or property interest protected by the Constitution; (2) a deprivation of that interest by the government; and (3) lack of due process of law with regard to that deprivation. *Wright v. Riveland,* 219 F.3d 905, 913 (9th Cir. 2000). Procedural due process requires, at a minimum, notice and an opportunity to be heard. *Goss v. Lopez,* 419 U.S. 565, 579 (1975).

It is undisputed that Defendant Campos had deprived Plaintiff of his liberty by arresting him and subsequently detaining him at the Fresno Police Station before Plaintiff was transported to the hospital. (Doc. 10, FAC, ¶ 20; Doc. 12-2, Defendants' Motion to Dismiss, 26-28.)  There is a factual dispute as to whether there was an arrest warrant for Plaintiff. (Doc. 14, Plaintiff's Opposition to Defendants' Motion to Dismiss, 7:21-22.)  Plaintiff also appears to argue that he was deprived of his liberty and denied procedural due process while "detained" at the hospital for five days "without being free to leave." (Doc. 14, Plaintiff's Opposition to Defendants' Motion to Dismiss, 8:13-14.)  However, the argument that Plaintiff was "detained" at the hospital without due process is contradicted by Plaintiff's own admission that he was informed while at the hospital that no charges had been filed and any hold was released (Doc. 10, FAC ¶ 30).  This suggests Plaintiff was free to leave whenever the doctors released him.

**12**

In the criminal context, a seizure that complies with the Fourth Amendment also complies with procedural due process. *Sanders v. City of San Diego,* 93 F.3d 1423, 1427 (9th Cir. 1996). Pleading violation of both procedural due process and Fourth Amendment is redundant. *See id.* Since Plaintiff also asserts a Fourth Amendment claim, (Doc. 10, FAC ¶ 33), the availability of relief under the Fourth Amendment should preclude Plaintiff's procedural due process claim.

Defendant's Motion to Dismiss Plaintiff's Fourteenth Amendment procedural due process claim is **GRANTED WITH PREJUDICE**.

### G. Eighth Amendment

The Eighth Amendment prohibits cruel and unusual punishment against those convicted of crime. *Ingraham v. Wright,* 430 U.S. 651, 664 (1977). The Eighth Amendment applies only to punishment imposed after conviction, not prior to an adjudication of guilt. *Demery v. Arpaio*, 378 F.3d 1020, 1029 (9th Cir. 2004); *Bell v. Wolfish,* 441 U.S. 520, 535 (1979). The Plaintiff in this case was not convicted of any crime.

Plaintiff argues that *Bell* should be distinguished from the present case because *Bell* deals with whether pre-adjudication confinement is, in fact, punishment. (Doc. 14, Plaintiff's Opposition to Defendants' Motion to Dismiss, 9:11-12.) Even assuming, *arguendo,* that the Eighth Amendment could apply to a pretrial detainees, Plaintiff still fails to allege any facts that an Eighth Amendment violation has occurred.

The cruel and unusual punishment clause is restricted to cases challenging the length of a sentence or the nature of a punishment. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

**13**

Plaintiff's assertion that the length of his detention was cruel and unusual falls outside the scope of the clause since no sentence was imposed.

With respect to Plaintiff's assertion that the conditions of his detention constituted cruel and unusual punishment, he must first allege that the deprivation was "sufficiently serious" to form the basis for an Eighth Amendment violation. *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). "[S]ufficiently serious" deprivations under the Eighth Amendment include denial of the 'minimal civilized measure of life's necessities.' *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 335, 347 (1981))  Prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must make reasonable measure to guarantee the safety of inmates. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).  Second, Plaintiff must allege that the prison official acted "with a sufficiently culpable state of mind." *Wilson,* 501 U.S. at 198.  With respect to this inquiry, the Supreme Court has held that "deliberate indifference" to prisoners' serious medical needs violates the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 105 (1976).  To act with deliberate indifference, an official must have actual knowledge of an excessive risk to inmate health or safety and must deliberately disregard that risk.  *Farmer,* 511 U.S. at 837.

Plaintiff argues that Defendant's excessive and unreasonable force while Plaintiff was "detained" for five days at the University Medical Center constituted cruel and unusual punishment.  (Doc. 10, FAC, ¶¶ 6-9.)  Applying the cruel and unusual standards set forth above, Plaintiff has failed to allege

**14**

a violation. Plaintiff was not incarcerated, jailed, or confined. Plaintiff was not "detained" at the hospital; rather, he was treated for his injuries.

Even if Plaintiff was so-called "detained" at the hospital, he still failed to allege sufficient facts to satisfy the two-prong analysis. With respect to the "sufficiently serious" deprivation prong, Plaintiff was neither denied life's necessities nor exposed to unreasonable danger while at the hospital. The facts as alleged show that Plaintiff was intimidated by Defendant and denied a wheel chair at the hospital. (Doc. 10, FAC, ¶¶ 27-28.) But these alone do not show deprivations "sufficiently grave" to constitute cruel and unusual punishment. *See Wilson*, 501 U.S. at 298. With respect to the culpability prong, Defendants were not deliberately indifferent to Plaintiff's medical needs. Plaintiff was promptly transported to the hospital after the booking sergeant recommended that Plaintiff be treated for his injuries. There is no basis for Plaintiff's Eighth Amendment claim.

Defendants' motion to dismiss Plaintiff's Eighth Amendment claim is **GRANTED.**

### 3. MOTION TO STRIKE PRAYER FOR PUNITIVE DAMAGES

Fed. R. Civ. P. 12(f) provides that "redundant, immaterial, impertinent, or scandalous matters" may be "stricken from any pleading." Fed. R. Civ. P. 12(f). "[O]nly pleadings are subject to motions to strike." *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, a "motion to strike" materials that are not part of the pleadings may be regarded as an "invitation" by the movant "to consider

**15**

whether [proffered material] may properly be relied upon." *United States v. Crisp*, 190 F.R.D. 546, 551 (E.D. Cal. 1999) (quoting *Monroe v. Board of Educ.*, 65 F.R.D. 641, 645 (D. Conn. 1975).

Motions to strike are disfavored and infrequently granted. *See Pease & Curran Ref., Inc. v. Spectrolab, Inc.*, 744 F. Supp. 945, 947 (C.D. Cal. 1990), abrogated on other grounds by *Stanton Road Ass'n v. Lohrey Enters.*, 984 F.2d 1015 (9th Cir. 1993). "[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991) (citation omitted).

While punitive damages are available in action against a local government official in his or her personal capacity, they are not available in action against municipality under 42 U.S.C. § 1983. *City of Newport v. Facts Concert, Inc.,* 453 U.S. 247 (1981). The City of Fresno is thus immune from punitive damages. Defendants' Motion to Strike Punitive Damages against the City of Fresno is unopposed by Plaintiff.

Defendants' motion to strike prayer for punitive damages against the City of Fresno is **GRANTED.**

### 4. CONCLUSION

Plaintiffs official capacity claims against Officer Campos are **DISMISSED.**

**16**

Defendants' Motion to Dismiss Plaintiff's Fifth Amendment claim is **GRANTED WITHOUT LEAVE TO AMEND.**

Defendants' Motion to Dismiss Plaintiff's Fourteenth Amendment substantive due process claim is **GRANTED WITH PREJUDICE.**

Defendant's Motion to Dismiss Plaintiff's Fourteenth Amendment procedural due process claim is **GRANTED WITH PREJUDICE.**

Defendants' motion to dismiss Plaintiff's Eighth Amendment claim is **GRANTED.**

Defendants' Motion to Strike Plaintiff prayer for punitive damages against the City of Fresno is also **GRANTED.**

IT IS SO ORDERED.

**Dated:    August 6, 2007**                    /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE